IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARLIN BINGLE,

    Petitioner,   No. CIV S-06-0488 FCD KJM P

  vs.

GOVERNOR SCHWARZENEGGER, et al.,

    Respondents.   <u>FINDINGS AND RECOMMENDATIONS</u>

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that although he was sentenced for murder under California's Indeterminate Sentence Law (ISL), he has not been given a fixed primary term under the Determinate Sentence Law (DSL) but his parole hearings have been conducted using more stringent DSL guidelines. He also claims that his right to equal protection of the law has been violated because his equally culpable co-defendant was paroled in 1992, and argues that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment. Pet. at 18.

          Respondent has brought a motion to dismiss, arguing that the petition is not timely.

/////

One of the changes the AEDPA made to the habeas statutes was to add a statute of limitations for filing a habeas petition:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  In parole cases, the date that triggers the federal statute of limitations is the date on which the factual predicate of the claims could have been discovered. Redd v. McGrath, 343 F.3d 1077, 1082-83 (9th Cir. 2003).  Petitioner claims that this date was that of his last parole hearing, June 10, 2004. Opp'n at 1.  Respondent argues it was in the 1970s, when petitioner realized he had not received a fixed term and was evaluated under DSL parole guidelines; thus his deadline was April 24, 1997, the date by which claims arising before the enactment of the AEDPA were to have been filed.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Respondent does not directly address petitioner's equal protection and Eighth Amendment claims.

In <u>Brown v. Georgia Board of Pardons & Paroles</u>, 335 F.3d 1259 (11th Cir. 2003), a prisoner brought a civil rights action claiming that the retroactive application of new parole policies violated the Ex Post Facto Clause.  The district court dismissed the action as untimely because it was filed more than two years after the adoption of the new policy.  The prisoner appealed.  The Eleventh Circuit affirmed the dismissal:

> Each time Brown's parole reconsideration hearing is set, it does not amount to a distinct and separate injury.  Rather, Brown's injury, to the extent it ever existed, was when the Georgia Parole Board applied its new policy, eliminating the requirement of parole review every three years for Brown, retroactively.  It is the decision in 1995 that forms a potential basis for Brown's claim.  It was also at this point that Brown could have discovered the factual predicate of his claim.  The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations.

<u>Id</u>. at 1261-62 (citation omitted).  The similarity between <u>Brown</u> and the instant habeas petition, and between the language describing the triggering events for both statutes of limitations, renders <u>Brown</u> persuasive on the issue in this case.  See also <u>Woodford v. Ngo</u>, __ U.S. __, 126 S.Ct. 2378, 2386-87 (2006) (turning to habeas law when interpreting exhaustion requirements for prisoner civil rights cases).

If petitioner was entitled to a fixed term under the DSL, then that term should have been set within a few years of the enactment of the DSL in 1977.  <u>See</u>, e.g., <u>In re Henson</u>, 123 Cal.App.3d 518, 520 n.3 (1981) (discussing a hearing in 1979 to set a fixed term).  Accordingly, the factual predicate for this claim could have been discovered close to thirty years ago.  Petitioner has not offered any reason why he was unaware of his claim until his latest parole hearing.

A similar analysis applies to all but one of plaintiff's claims.  There is no suggestion that the parole date set for petitioner's co-defendant was hidden from petitioner or could not have been discovered within a reasonable time of the 1992 parole; indeed, exhibit two attached to the petition shows petitioner's "date of inquiry" into the co-defendant's parole date to have been November 25, 1998.

1  Moreover, to the extent that petitioner complains of the application of DSL parole
2 criteria to his parole hearings, the factual predicate of the claim was the adoption of the DSL
3 regulations, in July 1978.  <u>See</u> <u>Henson</u>, 123 Cal.App.3d at 520.  Petitioner has not
4 suggested he was unaware of these regulations or their use in his case before his 2004 parole
5 hearing.
6  Petitioner's Eighth Amendment claim, however, rests only superficially on the
7 change from the ISL to the DSL sentencing systems.  While the argument relies in part on the
8 differences between ISL and DSL parole considerations, it includes a proportionality attack on the
9 differences experienced by inmates whose parole dates were determined under ISL guidelines as
10 opposed to those subject to DSL guidelines.  Respondent has not suggested why the factual
11 predicate for this claim could not have been the latest denial of parole.
12  Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
13 dismiss be granted as to petitioner's claims that he has not been given a fixed primary term under
14 the DSL, his parole hearings have been conducted using more stringent DSL guidelines, and his
15 right to equal protection was violated when his equally culpable co-defendant was paroled in
16 1992, but denied insofar as petitioner claims his sentence violates the Eighth Amendment's
17 narrow proportionality principle.
18 /////
19 /////
20 /////
21 ////
22 ////
23 /////
24 /////
25 /////
26 /////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2007.

_____
U.S. MAGISTRATE JUDGE