1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARLIN BINGLE,

11             Petitioner,                        No. CIV S-06-488 FCD CHS P

12        vs.

13   GOVERNOR SCHWARZENEGGER, et al.,

14             Respondents.          FINDINGS AND RECOMMENDATIONS

15   _____/

16                              I.  INTRODUCTION

17             Petitioner Marlin Bingle is a state prisoner proceeding pro se with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. §2254.  Petitioner is serving an indeterminate life

19   sentence following his 1977 conviction for first degree murder in the Stanislaus Superior Court.

20   Pursuant to this court's February 21, 2007 order, petitioner's sole remaining claim is that his

21   indeterminate life sentence violates the Eighth Amendment's narrow proportionality principle.

22                              II.  BACKGROUND

23             Petitioner's offense was described in the probation report prior to sentencing as

24   follows:

25             On December 24, 1976, at approximately 2:30 a.m., a witness
               discovered the dead body of Frank Norris, age 65, a newspaper
26             distributor...  The victim was found lying in a pool of blood and an

                                          1

autopsy later indicated he was shot twice in the chest area, once with a small caliber bird shot and once with a small caliber bullet, later determined to have come from a .22 caliber pistol. The victim also was stabbed twice in the neck area and had sustained several internal injuries consisting of broken bones in the collar bone, shoulder area, pelvis, and hip. The vehicle which belonged to the victim was found approximately five miles from the murder scene... Investigation revealed that someone had attempted to burn this vehicle...

On [December 25, 1976], at approximately 10:00 p.m., Bingle and Ehle contacted police officer Raymond Adkins of the San Francisco Police Department...They informed that they picked up the victim at a downtown location and took him to another location in his vehicle while Bingle was holding a gun on him. While Ehle was obtaining money from the victim, the victim started fighting and Bingle shot him in the stomach. They indicated this shot only wounded him and Bingle shot him again. Ehle then admitted he also stabbed the victim. They reported they received approximately $110.00. Bingle stated they then ran over the body with the vehicle to cover up their tracks and make it look like he had been run over. Both suspects mentioned they knew the victim frequented the downtown area and were aware that he had a large sum of money on him. They indicated they then parked the vehicle along the side of the road and stuffed some rags in the gas tank in an attempt to set it on fire. Bingle indicated he later hid the gun in his brother's house behind the television set. Ehle stated he threw the knife away at an unidentified location...

After subsequent investigation, Ehle was taken into custody on December 29, 1976, after apprehension by an officer of the Modesto Police Department in Stanislaus County. Bingle was arrested on January 4, 1977, by an officer of the Ardmore Police Department in Ardmore, Oklahoma.

(Exhibit A at 6-7.[1])

Petitioner proceeded to trial and was convicted by jury of first degree murder. (Exhibit D, Stanislaus Superior Court Minute Order dated 3/8/05). He was sentenced under Cal Penal Code §1168(b) to an indeterminate sentence of life in prison. Petitioner's indeterminate life sentence carries the possibility of parole. Pursuant to §1168(b), the sentencing court did not fix the term of imprisonment that he would serve. (*Id*.)

---

[1] All citations to exhibits refer to the exhibits attached to respondent's answer, filed 7/27/07.

III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

An application for writ of habeas corpus by a person in custody under judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. §2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (*citing Engle v. Isaac*, 456 U.S. 107, 119 (1982)). This petition for writ of habeas corpus was filed after the effective date of, and thus is subject to, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also Weaver v. Thompson*, 197 F.3d 359 (9th Cir. 1999).  Under AEDPA, federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *Lockhart v. Terhune*, 250 F.3d 1223, 1229 (9th Cir. 2001). The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002), *cert. dismissed*, 538 U.S. 919 (2003).

IV.  DISCUSSION

The sole remaining issue for consideration is whether the most recent decision of the Board of Parole Hearings ("Board") finding petitioner unsuitable for parole violated his Eighth Amendment right to be free from cruel and unusual punishment.  In this regard, petitioner alleges that the Board's continued denial of a parole suitability finding and refusal to set a parole

1    date has caused him to serve a prison sentence that is constitutionally disproportionate to his

2    offense.  (Petition at 29-31.)

3              A criminal sentence that is not proportionate to the crime of conviction may

4    indeed violate the Eighth Amendment.  Outside of the capital punishment context, however, the

5    Eighth Amendment "forbids only extreme sentences that are grossly disproportionate to the

6    crime." *United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (*quoting Harmelin v.*

7    *Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring).  In  *Lockyer v. Andrade*, the

8    United States Supreme Court held that the gross disproportionality principle is the only relevant

9    clearly established law applicable to an Eighth Amendment challenge to a sentence under §2254.

10   538 U.S. 63 (2003).  The threshold for an inference of gross disproportionality is high.

11   Generally, so long as the sentence imposed by the state court does not exceed statutory

12   maximums, it will not be considered cruel and unusual punishment under the Eighth

13   Amendment.  *United States v. McDougherty*, 902 F.2d 569, 576 (9th Cir. 1990); *United States v.*

14   *Mejia-Mesa*, 153 F.3d 925, 930 (9th Cir. 1998) ("punishment within legislatively mandated

15   guidelines is presumptively valid").

16             Petitioner fails to cite any federal authority supporting his position that his

17   indeterminate sentence of life, even if he is never paroled, is disproportionately high for the

18   crime of first degree murder.  In *Rummel v. Estelle*, the United States Supreme Court upheld a

19   term of life with the possibility of parole against a similar Eighth Amendment challenge.  445

20   U.S. 263, 285 (1980).  Rummel was sentenced under a recidivism statute.  *Id*. at 265.  His two

21   prior offenses were fraudulent use of a credit card and passing a forged check in the amount of

22   $28.36.  *Id*.  His triggering offense was a conviction for the theft of $120.75 by false pretenses.

23   *Id*. at 266.  The life sentence in *Rummel* did not offend the proportionality principle of the Eighth

24   Amendment, and those crimes in no way compare to petitioner's brutal murder of an innocent

25   victim for a relatively small sum of cash.

26   /////

1    In *Harmelin v. Michigan*, the Supreme Court held that a term of life in prison

2  without the possibility of parole is not disproportionate to the crime of possession of 672 grams

3  of cocaine. 501 U.S. 957, 1009 (1991). As the Ninth Circuit observed, "[u]nder *Harmelin*, it is

4  clear that a mandatory life sentence for murder does not constitute cruel and unusual

5  punishment." *United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991). Accordingly,

6  petitioner's life sentence for which no parole date has been set is not one of those exceedingly

7  rare instances where the punishment has run afoul of Eighth Amendment law as clearly

8  established by the United States Supreme Court.

9                                    V.  CONCLUSION

10    For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's

11  application for writ of habeas corpus be DENIED.

12    These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties. Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

17  shall be served and filed within ten days after service of the objections. The parties are advised

18  that failure to file objections within the specified time may waive the right to appeal the District

19  Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: July 10, 2009

21                                    CHARLENE H. SORRENTINO
                                      UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26